UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN-LING X., | Case No.  1:25-cv-01412-KES-CDB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT IN PART PETITION FOR WRIT OF HABEAS CORPUS AND TO DENY RESPONDENTS' MOTION TO DISMISS |
| v. | |
| TODD LYONS, *et al.*, | (Docs. 2, 15) |
| Respondents. | **7-Day Objection Period** |

Petitioner Yan-Ling X. ("Petitioner"), a federal immigration detainee proceeding by counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 2).

The presiding district judge converted Petitioner's application for temporary restraining order to a preliminary injunction and granted the preliminary injunction on November 7, 2025, ordering Petitioner's immediate release from custody.  (Doc. 12).

On December 5, 2025, the petition was referred to the undersigned for the preparation of findings and recommendations.  (Doc. 14).  On the merits of the petition, Respondents filed a motion to dismiss the petition on December 8, 2025, and Petitioner sought leave of Court to file an untimely reply brief and opposition to Respondents' motion to dismiss on January 21, 2026.[1]

---

[1] The Court granted Petitioner's motion for leave to file the late-filed reply brief on January 22, 2026.  (Doc. 19).

(Docs. 15, 17).  For the reasons set forth herein, the undersigned recommends that Petitioner's petition for writ of habeas corpus be granted in part as to Petitioner's procedural due process claims.

## I.    Relevant Background

On October 22, 2025, Petitioner filed the instant petition while in custody of the Immigration and Customs Enforcement ("ICE") at the California City Correctional Facility in California City, alleging that her arrest and re-detention by immigration authorities on October 14, 2025, following her initial encounter with immigration authorities and release more than five years earlier, violates federal statutory and constitutional law.  *See* (Doc. 2 ¶ 1-4).  Respondents are Todd Lyons (Acting ICE Director), Sergio Albarran (Field Office Director of Enforcement and Removal Operations, San Francisco ICE Field Office), Kristi Noem (Secretary of United States Department of Homeland Security), Pamela Bondi (Attorney General of the United States), Christopher Chestnut (Warden, California City Correctional Facility), U.S. Department of Homeland Security ("DHS"), and Executive Office for Immigration Review ("EOIR") (collectively, "Respondents").  *Id.* ¶¶ 13-19.

In granting a preliminary injunction, the Court ordered that: (1) Petitioner shall be released immediately; (2) Respondents are enjoined and restrained from re-detaining Petitioner unless and until they obtain a travel document for her removal, and unless they follow all procedures set forth in 8 C.F.R. §§ 241.4(d), 241.13(i), and any other applicable statutory and regulatory procedures; and (3) the bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  (Doc. 12 at 12).

## II.    Governing Authority

### A.    The Writ of Habeas Corpus[2]

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why

---

[2] As the Court found in its preliminary screening order, the Court has jurisdiction over Petitioner's claim that she is unlawfully detained pursuant to 28 U.S.C. § 2241.  (Doc. 6).

2

the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B.    Relevant Statutory Framework (8 C.F.R. §§ 241.13(i) and 241.4(l))

As the Court set forth in its order granting preliminary injunction (*see* Doc. 12 at 5-10), specific regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed.  Section 241.13(i) permits revocation of release "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  Section 241.13(i) also provides for revocation if a noncitizen "violates any of the conditions of release" in the "order of supervision[.]"[3]  8 C.F.R. § 241.13(i)(1).

Where a petitioner was "issued a final order of removal, detained, and subsequently released on an [order of supervision]," *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025), "then released … for several years, and his 90-day removal period expired[,]" the regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply and outline the process to be followed, *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025). In *Escalante*, the court noted that "[a]fter *Zadvydas*[*v. Davis*, 533 U.S. 678 (2001)], the immigration regulations were revised to implement administrative review procedures for … those who are re-detained upon revocation of their supervised release." *Escalante*, 2025 WL 2206113 at *3.  The court further noted that:

> Section 241.13(i)(2)[,] [which is] entitled "Revocation for removal[,]" provides that "the Service may revoke an alien's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, *the Service determines* that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). Section 241.4(b)(4)[,] which is entitled "*Service determination under 8 C.F.R. 241.13*[,]" states that, after supervised release under section 241.13, "*if the Service subsequently determines*, because of a change of circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future [to the country to which the alien was ordered removed or] a third county,

---

[3] Respondents do not dispute in either their opposition to Petitioner's motion for preliminary injunction or in their motion to dismiss Petitioner's assertion that she has complied with the order of supervision for over five years.  *See* (Docs. 10, 15).

the alien shall again be subject to the custody review procedures under this section." 8 C.F.R. § 241.4(b)(4) (emphasis added).

*Id.*

These regulations establish that, when ICE revokes release to effectuate removal, "it is [ICE's] burden to show a significant likelihood that the alien may be removed." *Id.*; *see id.* ("Imposing the burden of proof on the alien each time he is re-detained would lead to an unjust result and serious due process implications."); *e.g., Nguyen*, 788 F. Supp. 3d at 150 ("ICE's decision to re-detain a noncitizen like [Mr. Nguyen] who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future.") (citing *Kong v. United States*, 62 F. 4th 608, 619-20 (1st Cir. 2023)); *Roble v. Bondi*, No. 25-cv-3196-LMP-LIB, 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) ("[T]he regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future."); *Abuelhawa v. Noem*, No. 4:25-cv-04128, 2025 WL 2937692, at *8 (S.D. Tex. Oct. 16, 2025) ("[U]pon revocation of release, the Government bears the burden to show a significant likelihood that the alien may be removed in the reasonably foreseeable future.").

Detention is permissible only if ICE can show that there is a significant likelihood of removal in the reasonably foreseeable future or if there was a violation of the order of supervision. *See* 8 C.F.R. § 241.13(i).

**III.    Exhaustion**

**A.    Governing Authority**

"Section 2241 … 'does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)).  The Ninth Circuit, however, requires that, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez*, 239 F.3d at 1047 (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)).  "Under the doctrine of

4

exhaustion, 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted.'" *Laing*, 370 F.3d at 997-98 (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). "Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Id.* at 998 (citing *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 746 (9th Cir. 1991); *Stratman v. Watt,* 656 F.2d 1321, 1325-26 (9th Cir. 1981)). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered…. Lower courts … [must] first determin[e whether] the exhaustion requirement has been satisfied or properly waived." *Id.* (internal citations omitted); *see Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.").

**B.    Analysis**

Neither Petitioner nor Respondents address exhaustion in their filings. *See* (Docs. 2, 3, 10, 11, 15, 17).

The Court finds that the prudential exhaustion requirement should be waived as it would be futile to seek release by administrative means given Respondents' position that Petitioner, with a final order of removal dated February 4, 2020, is subject to discretionary detention under 28 U.S.C. § 1231(a)(6) pending the effectuation of her removal. Additionally, in the order granting the preliminary injunction, the Court found that Petitioner faces irreparable harm absent the injunctive relief granted. (Doc. 12 at 10) (citing *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005); *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *6 (E.D. Cal. July 16, 2025) ("The Ninth Circuit has also noted that 'unlawful detention certainly constitutes extreme or very serious damage, and that damage is not compensable in damages.'")); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025) ("The Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention.'") (citing *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017)). For these reasons, the undersigned recommends that the prudential exhaustion requirement be waived for Petitioner's claim for

habeas corpus relief.

## IV.     Discussion

As noted in the Court's order granting the preliminary injunction, Petitioner asserts seven causes of action in her petition that are premised on four main points: (1) there is no significant likelihood that ICE will be able to remove her to China in the reasonably foreseeable future; (2) the Field Office Director did not have authority to revoke her release; (3) ICE failed to afford her a prompt interview following her re-detention as required by its regulations and due process; and (4) the regulations that authorize revocation of release are ultra vires and in excess of ICE's statutory authority.  (Doc. 12 at 4); (Doc. 2 at 12-19); (Doc. 3-1 at 10-19).  As set forth below, because the undersigned finds that Respondents have failed to show a significant likelihood that ICE will be able to remove Petitioner to China in the reasonably foreseeable future, and Petitioner's other arguments seek the same or similar relief (*i.e.*, for immediate release), the undersigned declines to address Petitioner's other grounds for relief.

### A.     Respondents Fail to Show that Petitioner's Removal is Reasonably Foreseeable Under the Governing Statutory Framework

In their response to and motion to dismiss the petition (Doc. 15), Respondents raise arguments and rely on evidence already considered by the Court in granting Petitioner's motion for a preliminary injunction.  For the same reasons the Court found that Petitioner is likely to succeed on the merits of her claim that the government failed to satisfy its burden of showing that there is a significant likelihood that Petitioner's removal is in the reasonably foreseeable future, the undersigned finds that Respondents violated Petitioner's procedural due process rights under the Fifth Amendment to the U.S. Constitution (Petition, "Claim Two").  *See, e.g., M.S.L. v. Bostock*, No. 6:25-cv-01204-AA, 2025 WL 2430267, at *10-12 (D. Or. Aug. 21, 2025) (finding ICE's failure to comply with 8 C.F.R. § 241.4(l) in revoking the petitioner's release from custody on grounds of "changed circumstances" violated her procedural due process rights); accord *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *5-6 (S.D. Cal. Oct. 22, 2025).  Accord, *Huang v. Albarran*, No. 1:25-cv-01308 JLT EPG, -- F. Supp. 3d --, 2026 WL 279888, at *6-7 (E.D. Cal. Feb. 3, 2026) (finding that the petitioner was likely to succeed on his

claim that his continued detention violated his procedural due process rights because ICE re-detained the petitioner without complying with 8 C.F.R. § 241.13(i)(2)).

Respondents newly argue that on the same date the Court issued a preliminary injunction (November 7, 2025), the deportation officer assigned to Petitioner's case prepared a travel document request for internal review that was "approved on November 24, 2025, and was dispatched to the Chinese Embassy in Washington, D.C., the next day." (Doc. 15 at 4-5). Respondents rely on the Declaration of Deportation officer Carlos G. Ayala that "[t]he Chinese Government has recently been fulfilling travel document requests within [45 to 60] days, but sometimes in a shorter period of time" in attempting to show that 'she can be expeditiously remove from the United States." *Id.* at 6; (Doc 15-9, Declaration of Deportation Officer Carlos G. Ayala ("DO Ayala Decl.") ¶ 8). From this, Respondents argue that "assuring Petitioner's presence at the moment of removal is a wholly rational and legitimate, non-punitive objective for detention" and cite cases for the proposition that the Court's review of ICE's decision-making is not to reweigh the evidence considered by the agency, but rather to assess the decision-making for reasonableness and appropriate application of agency discretion. (Doc. 15 at 5-6) (citing cases).[4]

There are two problems with Respondents' argument. First, the argument relies on information and events that post-date Petitioner's arrest and re-detention and the associated alleged violation of her due process rights. Thus, it does not inform or otherwise undermine the Court's earlier finding that the stated rationale for Petitioner's arrest and re-detention – to wit, "changed circumstances" given petitioner's case was then "under current review by the Government of China for the issuance of a travel document" (Doc. 12 at 6-7) (citing Doc. 10-8, Ex. 7) – does not meet the "significant likelihood of removal in the reasonably foreseeable future"

---

[4] Among the cases cited is *Huang v. Albarran*, No. 1:25-cv-01308 JLT EPG, 2025 WL 2986885, at *1, *8 (E.D. Cal. Oct. 23, 2025), the holding of which Respondents characterize as "denying a motion for a preliminary injunction filed by a similarly situated petitioner." However, after Respondents filed their motion to dismiss, the *Huang* court granted reconsideration, and upon reconsideration, granted a preliminary injunction, finding ICE failed to show a significant likelihood of the petitioner's removal such that his detention violated he procedural due process rights. *See Huang,* – F. Supp. 3d --, 2026 WL 279888, at *6-7 (E.D. Cal. Feb. 3, 2026).

standard required to revoke release under 8 C.F.R. § 241.13(i).

Second, the outer limit of Respondents' estimate of the time within which China would issue a travel document (60 days) passed approximately one month ago.  Presumably, had a travel document issued, Respondents would have notified the Court; yet, they have made no supplemental filings to confirm whether a travel document has been procured.

For these reasons, the undersigned finds that Respondents fail under Section 241.13(i) to show that there any changed circumstances evidencing a significant likelihood that Petitioner may be removed in the reasonably foreseeable future. *See Escalante*, 2025 WL 2206113 at *3 ("it is [ICE's] burden to show a significant likelihood that the alien may be removed.").  There is no record evidence of any material changes since the presiding district judge found that "[t]he only changed circumstance that respondents identify is that petitioner's case is 'under current review by the Government of China for the issuance of a travel document."  Respondents have failed to answer "why China did not issue a travel document in the past or why China is likely to issue a travel document … in the reasonably foreseeable future (Doc. 12 at 8) and do not in their motion address the fact that Petitioner was issued an employment authorization card on April 2, 2025. As the Court found in its order granting the preliminary injunction, under 8 U.S.C. § 1231(a)(7), issuing an employment authorization card for an individual ordered removed is permitted only when that individual, as Petitioner, "cannot be removed or when removal is impractical or contrary to the public interest." *Id*.

In sum, the undersigned finds that Respondents' failure to comply with 8 C.F.R. § 241.13(i) violated Petitioner's procedural due process rights under the Fifth Amendment to the U.S. Constitution.  *See, e.g., Huang,* – F. Supp. 3d --, 2026 WL 279888, at *6-7; *M.S.L.,* 2025 WL 2430267, at *10-12; *Truong*, 2025 WL 2988357, at *5-6.

**B.      Petitioner's Other Claims**

Because the undersigned finds that the Court may grant the full relief Petitioner seeks— for immediate release and to enjoin and restrain Respondents from re-detaining Petitioner unless and until they obtain a travel document for her removal, and unless they follow all procedures set forth in 8 C.F.R. §§ 241.4(l) and 241.13(i) and any other applicable statutory and regulatory

8

procedures—in recommending that the writ should issue as to Petitioner's procedural due process claim, the undersigned declines to address Petitioner's other claims which seek the same or similar relief.

**V.    Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (Doc. 1) be GRANTED in part as to Petitioner's claim alleging violation of her procedural due process rights under the Fifth Amendment to the U.S. Constitution (Claim Two).

2.  The Clerk of the Court be DIRECTED to enter judgment for Petitioner and to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved.  *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require.").  Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

9

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 20, 2026**

_____
UNITED STATES MAGISTRATE JUDGE